PUENTE, APELANTE, *v.* EL PUEBLO ET AL., APELADOS.

APELACIÓN procedente de la Corte de Distrito de Ponce.

No. 897.—Resuelto en mayo 27, 1913.

*Confirmada la sentencia apelada por los fundamentos de la opinión emitida en el caso No. 898, Sucesión Puente* v. *El Pueblo et al., de mayo 23, 1913, (pág. 557.)*

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. José Tous Soto y López de Tord y Canales.*

Abogado de los apelados: *Sr. Wolcott H. Pitkin, Jr., Attorney General.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

En 13 de mayo del año 1912 Maximino Puente y Compostizo presentó demanda ante la Corte de Distrito de Ponce contra El Pueblo y el Tesorero de Puerto Rico, sobre devolución de impuesto de herencia indebidamente cobrado, alegando en sustancia como hechos fundamentales de su acción, los siguientes:

*Primero.* Que el demandante es único y universal heredero de Juliana Puente y Compostizo, la que a su vez formó parte de la Sucesión de Lázaro Puente y Compostizo, en cuya herencia le correspondió en concepto de hermana del finado, una quinta parte del total de la misma.

*Segundo.* Que Lázaro Puente y Compostizo falleció en Ponce el 23 de febrero de 1908 y poco tiempo después de su fallecimiento ciertos individuos de apellido Amsterdam iniciaron un pleito alegando que eran hijos naturales reconocidos de Puente y pidiendo que la corte así lo declarara y les reconociera además el derecho a la herencia de su padre natural, cuyo pleito terminó por transacción celebrada el 27 de febrero de 1912, habiendo los Amsterdam renunciado los derechos que pudieran tener a la herencia de Puente y reconocido a los hermanos y sobrinos del mismo como sus únicos herederos.

*Tercero.* Que dentro del término legal Ramón Valdecilla, administrador judicial de los bienes relictos por Puente hizo la declaración de los que estaban en su poder al Tesorero de Puerto Rico, de conformidad con lo estatuído en la ley sobre contribuciones por herencias.

*Cuarto.* Que no se pudo liquidar la contribución que debía satisfacer la herencia de Puente por aparecer con distintos grados de parentesco las personas que la reclamaban y que tan pronto como las reclamaciones terminaron el administrador judicial gestionó su liquidación con el Tesorero a fin de satisfacer su importe.

*Quinto.* Que a virtud de las gestiones del administrador el Tesorero de Puerto Rico con fecha 15 de marzo de 1912 remitió para su cobro un estado o relación de las contribu-

ciones (bill No. 1285) en el cual aparecen justipreciados los bienes de la herencia en $118,939.49 y fijada la cantidad de $5,201.37 como contribución, con más $1,603.76 por intereses.

*Sexto.* Que posteriormente el Tesorero de Puerto Rico remitió también para su cobro otro estado (bill No. 1296) en el cual, tomando por base la distribución hecha en el bill número 1285, reclamaba al demandante por contribución de herencia sobre los bienes de Juliana Puente y Compostizo de que aquél era heredero, la suma de $1,361.02 que fué pagada bajo protesta por el administrador, siendo la verdadera suma adeudada de $69.

*Séptimo.* Que la diferencia existente entre la suma de $1,361.02 pagada bajo protesta y la de $69 que legalmente se debía procede de cobrarse $320.75 como intereses de recargo que no se debían por haberse hecho efectivas las contribuciones tan pronto como fueron exigibles y de que al hacer el cálculo de los bienes de Juliana Puente se incluyeron en la valoración practicada no sólo los bienes inmuebles sino los muebles, no obstante estar éstos exentos por la ley de la contribución de herencias por no haber residido ni permanente ni temporalmente en Puerto Rico la Juliana Puente.

*Octavo.* Que los únicos bienes inmuebles que dejó al morir Lázaro Puente y Compostizo, tenían según la tasación oficial un valor de $11,500 de los cuales sólo la quinta parte correspondió a Doña Juliana o sea la suma de $2,300 y siendo ello así sólo ha podido cobrarse a la demandante por impuesto de herencia el 3 por ciento de la cantidad expresada, o sean $69, habiéndosele cobrado en su consecuencia, en exceso de la verdadera contribución adeudada la suma de $1,292.02.

En virtud de los hechos expuestos el demandante termina suplicando que se condene a los demandados a devolverle la suma de $1,292.02 de que se deja hecho mérito y a pagar los intereses de esa suma y las costas incluyendo honorarios de abogados.

Los demandados contestaron la demanda en 3 de junio siguiente y al hacerlo alegaron como primera defensa, que

aquélla no contiene hechos suficientes para determinar una causa de acción siendo además ambigua, ininteligible y dudosa y como segunda defensa, que las causas de acción establecidas en dicha demanda están en abierta oposición con las disposiciones del artículo 374 del Código Político de Puerto Rico.

Oídas y discutidas las excepciones previas alegadas, la Corte de Distrito de Ponce dictó sentencia en 5 de agosto del año próximo pasado por la que declaró con lugar la excepción previa general alegada como primera defensa en la contestación y en su consecuencia desestimó la demanda con las costas al demandante, por aparecer de la demanda que la acción en ella ejercitada no es la apelación que en favor de los contribuyentes por concepto de herencia otorga el artículo 374 del Código Político, según la opinión emitida en el caso número 2692 de la Sucesión de Lázaro Puente y Compostizo contra El Pueblo de Puerto Rico y el Tesorero.

Esa sentencia está sometida a nuestra consideración a virtud de recurso de apelación contra ella interpuesto por la representación de la parte demandante, la que como único fundamento del recurso alega que la corte erró al desestimar la demanda, por que la ley número 35 de 1911 provee un remedio aplicable al cobro o tentativa de cobro de todas las contribuciones o rentas incluso las de herencia; mientras que los apelados sostienen que la referida ley no es aplicable a contribuciones sobre herencia y que no habiendo cumplido los apelantes con los términos del artículo 374 del Código Político, por su propia negligencia carecen hoy de remedio alguno.

Al considerar el caso de *Sucesión Puente* v. *El Pueblo et al.,* decidido en 23 de los corrientes, (página 557), hemos examinado el Código Político de Puerto Rico aprobado en 1º. de marzo de 1902 en su título 9º. bajo el epígrafe "Rentas," que contiene tres capítulos bajo los epígrafes respectivamente de "Tasación de la Propiedad," "Arbitrio," y "Contribución sobre Herencias," teniendo en cuenta las en-

miendas hechas por leyes posteriores a secciones de dicho título. Entonces estudiamos detenidamente el artículo 374 que figura en el tercer capítulo que trata de "Contribución sobre Herencias" en relación con la Ley No. 35 aprobada en el año de 1911, habiendo llegado a la conclusión de que ésa ley no ha derogado expresa ni tácita o implícitamente aquel artículo, el cual por tanto es de aplicación al presente caso.

Reproducimos los fundamentos legales consignados en la opinión que sirvió de base a la decisión del otro caso de que dejamos hecho mérito.

Como el demandante no ha ejercitado el recurso de apelación que le otorga el artículo 374 no derogado del Código Político, para obtener la reparación del agravio o agravios que alega haber sufrido con motivo de la valuación y cómputo de la contribución por herencia de Juliana Puente y Compostizo, sino que ha ejercitado una acción que no es la apropiada al caso, es de confirmarse la sentencia apelada que dictó la Corte de Distrito de Ponce en 5 de agosto del año próximo pasado.

*Confirmada.*

Jueces concurrentes: Sres Asociados Wolf, del Toro y Aldrey.

El Juez Asociado Sr. MacLeary no tomó parte en la resolución de este caso.